IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATEO DEMATEOJUAN,<br><br>    Petitioner,<br><br> vs.<br><br>ROB JEFFREYS,<br><br>    Respondent. | 8:23CV184<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Respondent's Motion for Summary Judgment. Filing No. 11. Respondent filed the relevant state court records, Filing No. 12, a statement of undisputed material facts, Filing No. 13, and a brief in support, Filing No. 14. Petitioner Mateo Demateojuan ("Petitioner" or "Demateojuan") did not file a brief in opposition to Respondent's summary judgment motion by August 28, 2024, as the Court directed. *See* Filing No. 15. Thus, this matter is fully ripe for disposition. Respondent argues Demateojuan's Petition for Writ of Habeas Corpus, Filing No. 1, must be dismissed because Demateojuan's habeas claims are procedurally defaulted. The Court agrees and will dismiss the petition with prejudice.

**I. FACTS**

  1. On May 27, 2022, Petitioner Mateo Demateojuan pleaded no contest in the District Court of Douglas County, Nebraska, to attempted first-degree sexual assault of a child. Filing No. 12-3 at 8; Filing No. 12-4 at 6–7, 15–16.

  2. On September 1, 2022, the state district court sentenced Demateojuan to 44 to 46 years of imprisonment. Filing No. 12-3 at 11–12; Filing No. 12-4 at 34.

3. Demateojuan filed a direct appeal, challenging only that the state district court abused its discretion by imposing an excessive sentence. Filing No. 12-2 at 4; Filing No. 12-3 at 24–25.

4. On January 11, 2023, the Nebraska Court of Appeals summarily affirmed Demateojuan's conviction and sentence. Filing No. 12-1 at 3.

5. Demateojuan did not petition the Nebraska Supreme Court for further review. *Id*.

6. Demateojuan has not filed for postconviction relief in state court. *See* Filing No. 1 at 3.

7. Demateojuan filed his habeas petition on May 10, 2023. Filing No. 1.

## II. ANALYSIS

Respondent submits that Demateojuan's habeas petition must be dismissed because both of his habeas claims—that his sentence is excessive in violation of the Constitution and his counsel was ineffective in failing to prosecute his direct appeal, *see* Filing No. 5—are procedurally defaulted. Upon review, the Court agrees.

**A. Applicable Legal Standards**

As set forth in 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454-55 (8th Cir. 2005).

A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. O'Sullivan, 526 U.S. at 844. "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007) (cleaned up). A habeas claim has not been fairly presented, and is thus procedurally defaulted, if a petitioner, in arguing his claim to the state courts, "relied solely on state law grounds—namely, that the trial court misapplied . . . state statutes and case law on point." Id.

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts, including in a petition for further review to the Nebraska Supreme Court, and the claim is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n.1.

"The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue [2016 & Supp. 2023]), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights," however "the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009). "It is well established that a petition for postconviction relief may not be used to obtain review of issues that were or could have been reviewed on direct appeal. Any attempts to raise issues at the postconviction stage that were or could have been raised on direct appeal are procedurally barred." *State v. Dubray*, 885 N.W.2d 540, 552 (Neb. 2016). Furthermore, in 2011, the Nebraska Legislature created a one–year time limit for filing a verified motion for postconviction relief. *See* Neb. Rev. Stat. § 29–3001(4); *State v. Smith*, 834 N.W.2d 799, 801 (Neb. 2013).

**B. Demateojuan's Habeas Claims**

Applying the foregoing principles here, it is apparent that Demateojuan's habeas claims are procedurally defaulted. With respect to his first claim, Demateojuan raised an excessive sentence claim on direct appeal, but his claim on appeal was based solely on Nebraska law. Filing No. 12-2. In his appellate brief, Demateojuan cited only to Nebraska state cases, which did not address any federal constitutional provision relevant to Demateojuan's habeas claim. *Id*. at 6–10. Thus, Demateojuan failed to fairly present his federal habeas claim to the state courts. Moreover, even if the Court assumed Demateojuan presented his habeas excessive sentence claim on direct appeal, Demateojuan failed to invoke one complete round of Nebraska's appellate review process as he did not file a petition for further review in the Nebraska Supreme Court. *See* Filing No. 1 at 2; Filing No. 12-1 at 3. Demateojuan is procedurally barred from raising his habeas claim in a motion for postconviction relief as the claim could have been raised on direct appeal. Therefore, Demateojuan's excessive sentence habeas claim is procedurally defaulted.

In his second claim, as liberally construed by this Court, Demateojuan claims that his counsel was ineffective in failing to prosecute his direct appeal. *See* Filing No. 5 at 1. Specifically, as Respondent notes, Filing No. 14 at 4, Demateojuan appears to claim that his counsel was ineffective in failing to file a petition for further review to the Nebraska Supreme Court. *See* Filing No. 1 at 2, 5. Demateojuan was represented by the same counsel on direct appeal as represented him in the trial court. *Id*. at 13. "When, as here, a defendant was represented both at trial and on direct appeal by the same counsel, the defendant's first opportunity to assert ineffective assistance of

5

counsel is in a motion for postconviction relief." *State v. Henderson*, 920 N.W.2d 246, 255 (Neb. 2018). However, Demateojuan has not presented this claim in a state postconviction motion, and he is now time-barred from presenting this claim in a postconviction motion as more than one year has passed since his direct appeal mandate issued. *See State v. Koch*, 933 N.W.2d 585, 589 (Neb. 2019) (one-year limitations period for filing motion for postconviction relief begins to run on date appellate court issues its mandate affirming defendant's conviction on direct appeal). Thus, his second claim is procedurally defaulted.

### C. No Cause and Prejudice or Miscarriage of Justice

Demateojuan also has not demonstrated cause and prejudice to excuse the procedural default of his claims, nor has he demonstrated that the Court's failure to consider his defaulted claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Demateojuan does not claim that he is actually innocent, nor is there any indication, upon careful review of the petition and records before the Court, that Demateojuan suffered any actual prejudice from his inability to raise his habeas claims.

Because Demateojuan's claims are procedurally defaulted, the Court will dismiss the petition with prejudice.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court

rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court has applied the appropriate standard and determined that Demateojuan is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment, Filing No. 11, is granted.

2. Petitioner's habeas petition, Filing No. 1, is dismissed with prejudice because Petitioner's claims are procedurally defaulted.

3. The Court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

Dated this 21st day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge